IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TODD JEFFREY GATES, #275350, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-849-RAH-KFP |
| | ) | |
| JOHN CROW, Warden, and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.      INTRODUCTION

This is a pro se petition for a writ of habeas corpus filed by a federal prisoner, Todd Gates, under 28 U.S.C. § 2241. Gates is a state inmate at the Staton Correctional Facility in Elmore, Alabama. He brings this petition claiming he is due credit on his federal sentence for time spent in temporary custody of the United States Marshals Service under a federal writ of habeas corpus *ad prosequendum*. Specifically, Gates requests federal sentence credit from the date of his state arrest on May 20, 2009, through March 3, 2011, when his federal sentence was imposed. Doc. 1.

Respondent filed an answer arguing Gates' application for habeas relief is due to be dismissed because Gates failed to exhaust his available administrative remedies through the Bureau of Prisons ("BOP") before filing his petition. Doc. 13. Additionally, Respondent argues that Gates is entitled to no relief on his claims. *Id.* The court granted Gates an opportunity to respond to Respondent's answer and he did so. Doc. 15.

## II.     BACKGROUND

The Sheriff's Department in Baldwin County, Alabama, arrested Gates on May 20, 2009, for the crime of manufacturing a controlled substance and an unrelated rape charge. Doc. 13-1 at 2. The court takes judicial notice of the online Alabama Trial Court System— alacourt.com—which contains a record of the consolidated case action summary for the state drug offense. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201). The state record reflects that, following a trial in the Circuit Court for Baldwin County, Alabama, a jury convicted Gates on one count of first-degree manufacture of a controlled substance (methamphetamine). The trial court sentenced Gates on November 18, 2010. *See State v. Gates*, CC-09-2580.

On February 24, 2010, indictments were filed in the United States District Court for the Southern District of Alabama, indicting Gates on a thirteen-count indictment for conspiracy to possess with intent to distribute methamphetamine and other offenses and an eight-count indictment for conspiracy to manufacture methamphetamine and other offenses. *See United States v. Gates*, No. 1:10-CR-32-KD (S.D. Ala.) and *United States v. Gates,* No. 1:10-CR-26-KD (S.D. Ala.). On May 26, 2010, the United States Marshals Service took temporary custody of Gates pursuant to a federal writ of habeas corpus *ad prosequendum* for processing of the pending federal charges. On June 11, 2010, Gates entered a guilty plea to count one of the indictment in Case No. 1:10-CR-32-KD, and on June 14, 2010, he entered a guilty plea to counts one and six of the indictment in Case No. 1:10-CR-26-KD. Doc. 13-1 at 3.

On November 18, 2010, the state trial court sentenced Gates to 25 years' imprisonment on the drug conviction and ordered the sentence to run consecutive to Gate's pending rape offense and concurrent with his 2010 federal sentences. Gates received 544 days of credit on his 25-year state sentence. On December 16, 2010, the Circuit Court for Baldwin County sentenced Gates to 20 years of imprisonment on his convictions for receiving stolen property and second-degree rape. Doc. 13-1 at 3.

On March 2, 2011, the United States District Court for the Southern District of Alabama sentenced Gates to concurrent 97-month terms of imprisonment on his conviction in Case No. 1:10-CR-32-KD for conspiracy to possess methamphetamine and his conviction in Case No. 1:10-CR-26-KD for conspiracy to manufacture methamphetamine and a consecutive 60-month term of imprisonment on a gun offense. The judgments provide that all terms of imprisonment were to run concurrently with Gates' state sentence for manufacturing a controlled substance and that the state facility be designated for service of both the federal and state sentences under 18 U.S.C. § 3621. Gates was then returned to Alabama state custody. Docs. 13-1 at 3–4, 13-4, 13-5.

Computation by the BOP for Gates' sentence on his 157-month term of imprisonment utilized the date he was sentenced by the federal court—March 2, 2011. The BOP awarded Gates one day of prior custody credit for February 28, 2009, because he was arrested during a traffic stop directly related to the federal charges on February 27, 2009, and released on February 28, 2009, but he was not given this credit against his state sentence. Because this time was not credited to any other sentence, Gates was eligible for the credit against his federal sentence under 18 U.S.C. § 3585(b) and *Willis v. United States*,

438 F.2d 923, 925 (5th Cir. 1971).[1] Based on these calculations, the BOP determined Gates' projected release date was July 25, 2022. Doc. 13-1 at 4.

On February 23, 2016, the United States District Court for the Southern District of Alabama reduced Gates' sentence on both of his federal drug convictions from 97 months to 78 months under 18 U.S.C. § 3582(c)(2). Gates' sentence on his gun conviction remained unchanged. Based on his federal sentence reduction, the BOP updated Gates' sentence computation on his now 138-month sentence, with a commencement date of March 2, 2011, resulting in a projected release date of March 8, 2021. The BOP added one more day of jail credit to Gates' federal sentence calculation after determining he should have received an additional day of prior custody credit for February 27, 2009, due to his traffic stop arrest that was directly related to the federal charges but had not been credited against his state sentence. Docs. 13-1 at 4, 13-7. As a result, the BOP updated Gates' projected release date to March 7, 2021.

## III.   DISCUSSION

Gates brings this § 2241 petition claiming the BOP has not properly calculated his federal sentence and requests federal sentence credit for time spent in temporary custody of the United States Marshals Service under a writ of habeas corpus *ad prosequendum*.

---

[1]*See Easterbrook v. Clay*, 2017 WL 4479352, *3 n.4 (N.D. Ala. Aug. 30, 2017) ("*Willis* interpreted 18 U.S.C. § 3568, the precursor to 18 U.S.C. § 3585. Title 18 U.S.C. § 3568 allowed federal defendants to receive credit toward a federal sentence regardless of whether it had been credited toward another sentence. Congress added 18 U.S.C. § 3585 in 1984 as part of the Comprehensive Crime Control Act of 1984. The Act repealed § 3568 and replaced it with § 3585. Pub. L. 98-473, Title II, § 212(a)(2), 98 Stat. 2001 (Oct. 12, 1984). The 1987 amendment to § 3585(b) intended to 'ma[k]e clear that a defendant [can] not receive a double credit for his detention time.' *United States v. Wilson*, 503 U.S. 329, 337 (1992). The credits under § 3585 are still known as '*Willis* credits.' *See Bradley v. Rathman*, 2012 WL 3999861, *3 (N.D. Ala. Aug. 20, 2012)").

Specifically, Gates seeks federal credit from the date of his state arrest on May 20, 2009, through March 3, 2011, the date his federal sentence was imposed.[2] Doc. 1.

A federal prisoner challenging the execution of his sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008). A district court has jurisdiction under 28 U.S.C. § 2241 for a claim regarding the BOP's failure to consider whether a prisoner is entitled to time credit because this is a challenge to the manner in which the sentence is being executed. *See United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). Where the BOP's calculation of an inmate's sentence impacts the duration of that sentence, the decision may properly be challenged in a § 2241 petition for habeas corpus relief. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990).

In its response and relevant evidentiary materials, Respondent denies any violation of Gates' constitutional rights with respect to the calculation of his sentence. Doc. 13 at 6–10. Respondent also argues Gates' claim for credit toward his federal sentence is due to be denied because he failed to exhaust his administrative remedies. *Id.* at 10–11. Regarding Respondent's exhaustion argument, it is settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this Court.[3] *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The declaration

---

[2] The record reflects Gates' federal sentences were imposed on March 2, 2011. Docs. 13-4, 13-5.
[3] The Court notes that a petitioner's failure to exhaust administrative remedies does not deprive a court of jurisdiction. As the Eleventh Circuit has made clear, the exhaustion requirement is not jurisdictional. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015).

of J.R. Johnson filed in support of Respondent's response, however, indicates the BOP's Administrative Remedy Program does not apply to inmates confined in state facilities. Doc. 13-1 at 5. While an inmate may submit a request for a *nunc pro tunc* designation that may be considered regardless of whether the inmate is physically located in either a federal or state institution, he must still exhaust his administrative remedies concerning a denial of the request for a *nunc pro tunc* designation before the inmate may have the merits of a § 2241 petition reviewed. *See Wood v. United States*, 2017 WL 6030525, at *3 (N.D. Fla., Nov. 2, 2017) (citing cases) (concluding that "a petitioner's inability to access the BOP's Administrative Remedy Program before entering federal custody does not justify waiving the exhaustion requirement"). Even if Gates were to exhaust his administrative remedies, however, the Court finds he could not show the BOP abused its discretion in failing to give him credit towards his federal sentence for time spent in temporary custody of the United States Marshals Service pursuant to the federal writ of habeas corpus *ad prosequendum*.

The United States Attorney General, through the BOP, determines what credit, if any, is to be given to prisoners for time spent in custody prior to the commencement of their federal sentence and initially has the exclusive authority to determine when a federal sentence commences and to compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 18 U.S.C. § 3621(b); *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995). Here, Gates maintains the sentencing court and the BOP have erred in the calculation of his federal sentence by failing to apply credit toward his federal sentence from the date of his arrest by Alabama state authorities on May 20, 2009, through March 3, 2011, when he was sentenced in federal

court. To further support his claim, Gates maintains he was detained in a joint federal/state holding facility until he was adjudicated on all charges and that the state court withheld sentencing on his state offenses until the charges arising from his federal offenses were adjudicated and sentence was imposed. Doc. 15 at 1.

Gates began serving his state sentence on November 18, 2010, and he continued serving his state sentence during the time he was temporarily released from Alabama state custody to the United States Marshals Service via a writ of habeas corpus *ad prosequendum* for resolution of the federal charges against him. Docs. 13-1 at 3, 13-2, 13-3; *see Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 812 (11th Cir. 2011) (unpublished)[4] (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)[5] (explaining that "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted . . .")). Gates' federal sentence did not begin until March 2, 2011. Though the federal court directed that Gates' state and federal sentences run concurrently, they did not begin to do so until Gates' federal sentence commenced on March 2, 2011. Because Gates was in the primary custody of the State of Alabama during the time period at issue—from May 20, 2009, through March 3, 2011— for which he received credit toward his state sentence, § 3585 prevents crediting this same time toward his federal sentence.[6] Doc. 13-1 at 4–5; 18 U.S.C. § 3585(b). Moreover, Gates'

---

[4] Unpublished Eleventh Circuit opinions are cited only as persuasive authority, as the Court recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36–2.

[5] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on the Eleventh Circuit).

[6] Under 18 U.S.C. § 3585 (a) and (b), a sentence begins when a defendant is received in custody awaiting transportation to, or arrives voluntarily to begin a sentence at, the official detention facility where the

federal sentence could not have commenced before the federal court pronounced it, even though he was in temporary custody of the United States Marshals Service on a writ. *See Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (holding that "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served").

The undisputed record reflects that, on May 26, 2010, Gates was temporarily released from Alabama state custody to the United States Marshals Service via a writ of habeas corpus *ad prosequendum* for resolution of the federal charges against him. Docs. 13-1 at 3, 13-2, 13-3. Following final disposition of the federal charges, federal authorities returned Gates to the custody of state authorities on April 4, 2011, to resume the sentence he was then serving. Doc. 13-1 at 5. The BOP designated the Alabama Department of Corrections facility where Gates was already incarcerated as the location for service of his federal sentence under 18 U.S.C. § 3621, thus running Gates' federal sentence concurrently with that portion of his state sentence that remained undischarged at the time of his federal sentencing. Docs. 13-1 at 4, 13-6; *see also* 18 U.S.C. § 3621. Because Gates was in the primary custody of the state of Alabama from May 20, 2009, through March 3, 2011, the BOP did not have discretion under § 3585 to grant Gates credit on his federal sentence for that time period. Doc. 13-1 at 4–5. Indeed, 18 U.S.C. § 3585(b) expressly prohibits the BOP from granting credit for that period. *See Dupree v. Warden, FCI Miami*, 606 F. App'x

---

sentence is to be served. Credit (that has not been credited against another sentence) is given toward a sentence for time spent in official detention before the sentence begins (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

559, 560 (11th Cir. 2015) (unpublished) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence).

When a defendant is in state custody and he is turned over to federal officials for federal prosecution, the State's loss of custody is temporary, and the State retains primary custody. *Causey*, 621 F.2d at 693-695. Therefore, Alabama had primary custody of Gates during the time he was in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Doc. 13-1 at 5. Gates began receiving credit on his state sentence on November 18, 2010, when the sentence was imposed, and he received pre-sentence credit on that sentence of 544 days for the period of May 20, 2009, to November 18, 2010. This award of custody credit towards his state sentence included time he was in federal custody pursuant to the writ of habeas corpus *ad prosequendum*. *Id*. Under the express provisions of 18 U.S.C. § 3585(b), Gates is not entitled to credit against his federal sentence for time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* if such time has been credited towards another sentence, including pre-sentence credit awarded on a state sentence or time spent in state prison serving a state sentence. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (holding that 18 U.S.C. § 3585 "is intended to prevent double credit for detention incurred before a [federal] sentence actually begins"). The record also shows that Gates received credit on his federal sentence for the day of his arrest during a traffic stop—February 27, 2009—and the day he was released—February 28, 2009—for a charge that was directly related to Gates' federal offense that was not credited against his state sentence. Doc. 13-1 at 4.

9

Gates is not entitled to receive any credit for the period in question against his 138-months federal sentence, as an award of such credit would result in his receipt of "double credit" in violation of the plain language of 18 U.S.C. § 3585. *See Wilson*, 503 U.S. at 377 ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Scruggs v. Adkinson*, 423 F. App'x 858, 861 (11th Cir. 2011) (unpublished) (holding that, "[b]ecause the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving a prior custody credit for time that has been credited against another sentence"); *Collins v. Warden*, 2016 WL 4154924, at *4 (N.D. Fla. 2016) (finding that time spent in federal custody on federal writ of habeas corpus *ad prosequendum* that is credited towards state sentence cannot be credited against federal sentence). Gates, therefore, is not entitled to an award of the jail credit sought in the instant application for habeas relief beyond the sentencing credits he has been awarded.

Because Gates has received all credit against his federal sentences to which he is entitled under federal law, his claim is without merit and the petition for habeas relief is due to be denied.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the application for habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Todd Gates be DENIED.

It is further

ORDERED that, on or before **November 24, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. N*ettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of November, 2020.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE